UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KELLY WELLS, | No. 2:16-cv-2807 WBS AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE A. LIZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a motion requesting that the court correct the filing date of his notice of appeal or grant relief from potential default. ECF No. 43.

I.  Procedural History

The habeas petition was denied and judgment was entered in this case on April 22, 2022. ECF Nos. 37, 38. On July 19, 2022, the court received petitioner's application for a certificate of appealability, which was dated July 9, 2022, and was construed as a notice of appeal. ECF No. 39. Petitioner then filed a motion requesting that the court find his notice of appeal was timely. ECF No. 43. The motion avers that petitioner followed proper prison legal mail procedures and submitted a notice of appeal for mailing on either May 12 or 13, 2022. ECF No. 43 at 2, 4. Attached as an exhibit to the motion is a document petitioner identifies as his copy of the notice of appeal that differs from the application for a certificate of appealability. Id. at 5. Because it appeared that the court did not receive petitioner's notice of appeal, respondent was directed to

respond to the motion and to petitioner's claim that he timely submitted a notice of appeal. ECF No. 44. Respondent has now opposed the motion (ECF No 45) and petitioner has filed a reply (ECF No. 46).

## II.     The Parties' Positions

Petitioner states under penalty of perjury that on May 12 or 13, 2022, he handed his notice of appeal—which was in an envelope marked as legal mail—to the correctional officer working his housing block and watched the officer sign the seal on the envelope. ECF No. 43 at 2, 4. The envelope was then returned to petitioner, who placed it in the community mailbox. Id. Petitioner states that he is not permitted to watch the legal mail being logged into the legal mail logbook because the mailbox is emptied at midnight and he believes that it is then sorted by the tower officer who is responsible for logging any legal mail, though he cannot swear to that process. Id. He speculates that he may be the victim of retaliation by an unknown officer. Id. at 4. Petitioner also provides the declaration of another inmate who states that he typed petitioner's notice of appeal on May 10, 2022; that the copy attached to the motion is an accurate copy of the notice of appeal; and that on or about May 13, 2022, petitioner advised him that he had put the notice of appeal in the mailbox. Id. at 6.

Respondent opposes the motion on the grounds that petitioner has not produced a photocopy of the notice of appeal, and the motion is supported solely by hearsay and petitioner's speculation that the document was targeted for retaliation. ECF No. 45. He further argues that petitioner did not submit anything for mailing from April 22, 2022, through May 2022, and provides a log of petitioner's mailings. Id. at 3-4.

## III.     Discussion

Petitioner has presented evidence in the form of his sworn statement that he followed the procedure for sending legal mail by having an officer sign off on it prior to depositing it in the mailbox and that he has no ability to ensure his legal mail is entered into the logbook. This portion of the declaration is clearly based upon petitioner's personal knowledge. Moreover, though petitioner may not have sufficient personal knowledge to testify as to how the mail is processed after it is placed in the mailbox, he does have sufficient personal knowledge to testify

1  that whatever the process may be, it does not allow for him to verify that his mail has been
2  properly logged.

3  Respondent has provided no evidence that would contradict petitioner's description of the
4  legal mail process.  In light of petitioner's representation that the mail is logged after it is
5  collected from the mailbox, the fact that there is no entry in the mail log[1] is not conclusive
6  evidence that petitioner did not submit a notice of appeal on May 12 or 13, 2022, particularly
7  since respondent offers no information on the process for how legal mail is processed and logged.
8  Furthermore, while petitioner speculates that his mail was tampered with, it is equally plausible
9  that after being removed from the mailbox the envelope was misplaced or mistakenly sorted into
10 the non-legal mail and later lost by the postal service.  Finally, though petitioner has not produced
11 a photocopy of the notice of appeal, the court notes that he has provided a declaration of the
12 individual who typed the original notice of appeal and who avers that the copy provided is an
13 accurate copy of the original.[2]  ECF No. 43 at 6.

14 Federal Rule of Appellate Procedure 4(c) provides that a prisoner's notice of appeal "is
15 timely if it is deposited in the institution's internal mail system on or before the last day for
16 filing."  Fed. R. App. P. 4(c)(1).  In order to benefit from this rule, a prisoner must utilize the
17 system designed for legal mail if one exists at the institution where he is confined.  Id.  Petitioner
18 has declared under penalty of perjury that he submitted his notice of appeal on either May 12 or
19 13, 2022, and that he did so in accordance with his institution's procedure for sending legal mail.
20 Absent evidence from respondent that contradicts petitioner's sworn testimony, petitioner's
21 motion should be granted and his notice of appeal should be deemed timely filed.

22 Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to correct the
23 filing date of his notice of appeal (ECF No. 43) be GRANTED and the notice of appeal be
24 deemed timely filed.

---

[1] The court notes that the mail log respondent relies upon to rebut the motion is not accompanied by a declaration from a custodian of record.

[2] The copy of the notice of appeal includes a typewritten date of May 10, 2022, as well as a handwritten date of August 1, 2022.  ECF No. 43 at 5.  It appears that plaintiff signed and dated the copy at the same time he signed and dated his motion.  See id. at 2, 4, 7.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE